Appeal from justice's court to the Superior Court and heard upon the following agreed facts:
1. That on 7 July, 1908, W. C. Starnes executed a chattel mortgage to A. S. Abernethy, which mortgage was registered in Caldwell County on 11 March, 1908, in Book X on page 331, and the following is a copy thereof as the same appears of record:
STATE OF NORTH CAROLINA — CATAWBA COUNTY.
I, W. C. Starnes, of the county of Caldwell, in the State of North Carolina, am indebted to A. S. Abernethy, of Catawba County, in said State, in the sum of $94, for which they hold my note to be due on 7 July, A.D. 1909, and to secure payment of the same, I do hereby convey to them these articles of personal property, to wit: One top new Decatur buggy, one set single buggy harness, both this day bought of A. S. Abernethy; also one pair of bay steers, about 6 and 7 years old.
The above described property is free from encumbrance.
But on this special trust, that if I fail to pay said debt and (163) interest on or before 7 July, A.D. 1909, then they may sell said property, or so much thereof as may be necessary, by public auction for cash, first giving twenty days notice at three public places in the county, and apply the proceeds of such sale to the discharge of said debt and interest on the same, and pay any surplus to me.
Given under my hand and seal, this 7 July, A.D. 1908.
W. C. STARNES. [SEAL]
Witness: F. A. ABERNETHY. *Page 131 
2. That the one pair of bay steers, as appears upon said record, was not correctly transcribed from the original, but was written in the original "one pair of bay horses."
3. That on 26 January, 1909, the said W. C. Starnes executed a mortgage to the interpleader, which was correctly copied upon the record, and the same is in words and figures as follows:
$370.40.
STATE OF NORTH CAROLINA — CATAWBA COUNTY.
I, W. C. Starnes, of the county of Caldwell, in the State of North Carolina, am indebted to the Henkel Live-stock Company, of Iredell County, in said State, in the sum of $370.40, for which they hold my note, to be due on 1 November, A.D. 1909, and to secure payment of the same, I do hereby convey to them these articles of personal property, to wit: One pair of brown mare mules about 7 years old, stoutly built, with brown noses, weight about 1,800 pounds; one set of double wagon harness, made by Flanigan Harness Company (the above this day received of them); one pair bay horses, about 7 and 8 years old, with white hind feet, weight about 2,700 pounds, bought of company, worth about $500; one eight-disk Bickford Huffman grain drill, bought of company, worth about $70.
The above described property is free from encumbrance.
But on this special trust, that if I fail to pay said debt and interest on or before 1 November, A.D. 1909, or fail to properly feed or care for the above property, then they may sell said property, or so much thereof as may be necessary, by public auction for cash, at the First National Bank, Hickory, N.C. or in the county of the (164) undersigned mortgagor, first giving twenty days notice at three public places in the county where said sale is to take place, as per terms of mortgage, and apply the proceeds of such sale to the discharge of said debt and interest on same, and pay any surplus to me.
Given under my hand and seal, this 26 January, A.D. 1909.
W. C. STARNES. [SEAL]
4. That one of the bay horses described in the said mortgage to Henkel Live-stock Company was one of the same horses that was conveyed to the plaintiff, A. S. Abernethy.
5. That the justice of the peace rendered a judgment in favor of the plaintiff for the possession of the said horse referred to in the next preceding paragraph, and the plaintiff, after due advertisement, sold the same, under the terms of his mortgage, at which sale the said horse was purchased by Henkel Live-stock Company for the sum of $140.
6. That the amount of plaintiff's debt, with cost of sale, and advertisement, was the sum of $70.20, and the Henkel Live-stock Company *Page 132 
receipted for the residue of the amount said horse brought at said sale by its paper-writing in the following words and figures:
 A. S. ABERNETHY, DEALER IN Horses, Mules, Carriages, Wagons, Harness, Etc.
HICKORY, N.C. 18 September, 1909.
Received of A. S. Abernethy $69.80 after deducting the amount of his claim ($70.20), which was secured by first mortgage on one bay horse, 7 years old, said mortgage given by W. C. Starnes.
This horse was this day sold by the said first mortgage at A. S. Abernethy's stable. The Henkel Live-stock Company being the purchasers of said horse, they agree to arrange any other claims or suits or mortgage against said horse or A. S. Abernethy, while he, A. S. (165) Abernethy, was in possession of the horse. The horse was sold and turned over to the Henkel Live-stock Company with the above amount of money.
HENKEL LIVE-STOCK COMPANY,
By W. I. CALDWELL.
7. That the plaintiff, A. S. Abernethy, is a resident of Hickory, N.C. and his mortgage was transmitted by mail to the register of deeds of Caldwell County, who registered same as hereinbefore set forth, and returned same to plaintiff by mail.
8. That the Henkel Live-stock Company, at the time of taking their mortgage, did not actually examine the records of the office of the register of deeds for the purpose of ascertaining whether or not any liens or encumbrances were against W. C. Starnes for the property described in their mortgage.
The foregoing is agreed between the parties to be a true statement of the facts necessary to a decision of this cause, and it is agreed that the judge presiding and holding this term of court may decide the same either in or out of the district as of this term.
 MARK SQUIRES, Attorney for Plaintiff. LAWRENCE WAKEFIELD, Attorney for Interpleader.
Upon the foregoing facts, it is considered and adjudged by the court that Henkel Live-stock Company recover of plaintiff the sum of $70.20, with interest thereon from 18 September, 1909, and the costs of the interpleader, Henkel Live-stock Company, to be taxed by the clerk.
 F. A. DANIELS, The plaintiff excepted and appealed. Judge Presiding. *Page 133 
After stating the case: This action, with the ancillary claim and delivery, was brought to recover one bay horse from the defendant Starnes. The Henkel Live-stock Company interpleaded, claiming the horse under its mortgage, also executed by said defendant.
The justice of the peace rendered judgment, giving the horse to plaintiff, and the interpleader appealed to the Superior Court. (166)
Pending the trial of the case in the Superior Court, the plaintiff, having obtained possession under the justice's judgment, sold the horse at public sale under the power contained in the mortgage, and the Henkel Live-stock Company purchased it for $140.
The plaintiff applied $70.72 to his own mortgage debt, claiming it to be the first mortgage, and paid the remainder, $69.80, to the Henkel Company. This being insufficient to discharge the Henkel debt and mortgage, the litigation is over the $70.72 retained by the plaintiff from the proceeds of the sale of the horse.
It is plain that the plaintiff's mortgage on one pair of bay horses was not properly recorded. As registered, it described one pair of bay steers. This would not give notice to a subsequent mortgagee that the plaintiff's mortgage conveyed horses instead of steers.
As the Henkel mortgage, although subsequent in execution to the plaintiffs, was properly registered, it gave the Henkel Live-stock Company the prior lien on the bay horses.
Nor is there anything in the receipt dated 18 September, 1909, which estops the Henkel Company from pursuing its claim to the $70.72, the proceeds of sale of the bay horse.
Had the horse not been sold, the Henkel Company would have recovered the horse itself. As it holds the prior valid mortgage, it is entitled to the proceeds necessary to satisfy its mortgage.
Affirmed.
(167)